

600 N. King Street • Suite 400                                                          Writer's Direct Access:
P.O. Box 25130 • Wilmington, DE 19801                                                         (302) 429-4232
Zip Code For Deliveries 19801                                                  Email: sbrauerman@bayardlaw.com

September 14, 2023

VIA CM/ECF

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C.  20439

> Re:  *Pharo Gaia Fund Ltd. et al. v. Bolivarian Republic of Venezuela*, Nos. 23-mc-360 and 23-mc-361; *Contrarian Capital Management, L.L.C. et al. v. Bolivarian Republic of Venezuela*, Nos. 21-mc-18, 22-mc-131, and 22-mc-263; *Tidewater Investment SRL et al. v. Bolivarian Republic of Venezuela*, No. 19-mc-79; *Valores Mundiales, S.L. et al. v. Bolivarian Republic of Venezuela*, No. 23-mc-298

Dear Judge Stark:

We represent Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. We write on behalf of Plaintiffs in the above-captioned cases in response to your honor's request for Delaware authority on the scope of the Court's equitable considerations in a veil-piercing analysis.

While Plaintiffs could not find a case directly addressing a party's litigation conduct, Delaware law supports the proposition that broad equitable considerations may serve as a basis to pierce the corporate veil.  In *Manichaean Cap., LLC v. Exela Technologies, Inc.*, the Court of Chancery held that veil piercing turns on a number of factors, including "an overall element of injustice or unfairness," and that a court "must consider ***all relevant factors*** . . . to reach an equitable result."  251 A.3d 694, 707, 715 (Del. Ch. 2021) (quotation marks omitted) (emphasis added).  That holding is consistent with the "general proposition" that Delaware courts may pierce the corporate veil "where equitable considerations require it," *Mabon, Nugent & Co. v. Texas Am. Energy Corp.*, 1990 WL 44267, at *5 (Del. Ch. Apr. 12, 1990), or when "necessary to do justice," *Pauley Petroleum, Inc. v. Cont'l Oil Co.*, 231 A.2d 450, 453 (Del. Ch. 1967).

Here, these equitable considerations counsel in favor of piercing the corporate veil.  This Court and the Third Circuit have noted that it would be inequitable to allow Venezuela and PDVSA to "derive significant benefit from the U.S. judicial system" while using that same judicial system to avoid liabilities.  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 149 (3d Cir. 2019).  And as this Court has noted, Venezuela and PDVSA's repeated bad-faith efforts to avoid those liabilities have been "arguably something of an affront to the United States judicial system."  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2021 WL 129803, at *18 (D. Del. Jan. 14, 2021).  Venezuela and PDVSA should not enjoy the benefits of corporate separateness while employing bad-faith tactics to shirk Venezuela's creditors.



The Honorable Leonard P. Stark
September 14, 2023
Page 2

                                                      Respectfully submitted,

                                                      */s/ Stephen B. Brauerman*

                                                      Stephen B. Brauerman (No. 4952)

Cc: All counsel of record via CM/ECF